# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ROGELIO OROZCO, #R26820, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 16-cv-0117-NJR |
|  | ) |  |
| KIMBERLY S. BUTLER, MINN T. SCOTT, REBECCA A. COWAN, ERIN S. CARTER, LESLIE MCCARTY, SALVIDOR A. GODINEZ, SCOTT T. HOLTE, ABERARDO A SALINAS, RANDY S. PFISTER, TERRI ANDERSON, DONALD STOLWORTHY, JASON HART, JOHN DOE #1, and JOHN DOE #2, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rogelio Orozco, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Western Illinois Correctional Center ("Western"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center ("Menard") and Pontiac Correctional Center ("Pontiac"). Plaintiff's claims arise from being convicted of a disciplinary charge and confined in disciplinary segregation. He seeks monetary damages and injunctive relief expunging the underlying disciplinary reports.

1

Plaintiff's First Amended Complaint (Doc. 10) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

This case was previously dismissed on initial review (Docs. 9 and 12) but was remanded by the Seventh Circuit Court of Appeals for rescreening. (Doc. 32-1). The Seventh Circuit found that Plaintiff should have been allowed to file an amended complaint on the potential claims Plaintiff attempted to assert in the first Complaint and that the case should not have been dismissed in its entirety. *Id.*, p. 5. Plaintiff filed a First Amended Complaint (Doc. 10) prior to dismissal, which adds several parties and appears to restate all of his claims. After remand, the Court views the First Amended Complaint as the operative complaint and conducts its Section 1915A analysis on that document. Should Plaintiff wish to reassert any of the claims dismissed in the original Complaint which were not included in the First Amended Complaint, he may file a Second Amended Complaint.

## THE COMPLAINT

Plaintiff alleges the following: On April 22, 2014, Plaintiff was issued a disciplinary ticket by Defendant Erin Carter, an Internal Affairs officer at Menard, for participation in Security Threat Group ("STG") or Unauthorized Organizational Activity as a member of the Latin King Nation gang. (Doc. 10, pp. 4, 7-8). Defendants Scott and Hart sat as the Adjustment Committee on the

charge on April 24, 2014, and found Plaintiff guilty, sentencing him to three months of disciplinary segregation, as well as loss of grade and some privileges. *Id.*, p. 8. Plaintiff alleges that Scott and Hart did not adequately investigate the allegations underlying the disciplinary ticket and were not impartial, as they simply credited disciplinary ticket's account. *Id.*, pp. 9-14.

When the Adjustment Committee's report from the April 24 hearing was forwarded to Defendant Butler (warden of Menard at the time), she remanded it for additional information to substantiate the charge and ordered the Adjustment Committee to impose much harsher sanctions of one year in disciplinary segregation and longer loss of grade and privileges. *Id.,* pp. 14-15. Scott and Defendant Cowan subsequently held another hearing on May 9, 2014, at which they found Plaintiff guilty and imposed harsher sanctions in line with what Butler had specified, including one year in disciplinary segregation. *Id.*, p. 16. Butler subsequently approved the Adjustment Committee's findings. *Id.*, p. 17.

Plaintiff was subsequently given a punitive disciplinary transfer to Pontiac. On June 8, 2014, he filed a grievance regarding his disciplinary hearings. *Id.*, p. 18. At some point, two personal property room officers or supervisors—one at Menard (John Doe #1) and one at Pontiac (John Doe #2)—confiscated or destroyed several boxes of Plaintiff's excess legal materials, including materials from his criminal case. *Id.*, p. 18. Plaintiff believes that this was done at the behest of Menard's Intelligence Unit in retaliation for Plaintiff's refusal to become a confidential informant. *Id.*, pp. 18-19.

Defendants McCarty and Godinez responded to Plaintiff's June 8 grievance and directed that the matter be remanded back to Carter for additional information on how Plaintiff was identified as an active STG participant, and that the rehearing be held at Pontiac. *Id.*, p. 19. Carter subsequently re-wrote the disciplinary report, and Plaintiff requested a witness (Scott) be called at

3

the rehearing. *Id.*, pp. 22-23. On November 20, 2014, Defendants Holte and Salinas held the rehearing, refusing to call Scott as a witness and incorrectly noting in the subsequent report that no witnesses had been requested. *Id.*, p. 24. Holte and Salinas imposed the same punishments as had been imposed at the May 9 hearing, which was approved by Pontiac's warden, Defendant Pfister. *Id.*, pp. 25-26.

Defendants Anderson and Stolworthy subsequently reviewed and responded to Plaintiff's June 8 grievance in light of the rehearing and reduced Plaintiff's sanctions down to the level originally imposed at the April 24 hearing. *Id.*, pp. 26-27.

While specifically disclaiming any conditions-of-confinement challenge, Plaintiff states that while in punitive segregation he was subject to atypical hardships, including an unsanitary cell and being housed with seriously mentally ill inmates who would prevent him from sleeping. *Id.*, p. 31.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the claims in this case into the following six Counts:

>  **Count 1:** **Fourteenth Amendment claim against Carter, Scott, Hart, Butler, and Cowan, for deprivation of a liberty interest without due process in connection with the April 24 and May 9, 2014 disciplinary hearings;**
>
>  **Count 2:** **First Amendment retaliation claim against John Does #1 and 2, for destroying his excess legal materials;**
>
>  **Count 3:** **Fourteenth Amendment due process claim against Godinez and McCarty, for failing to adequately intervene in response to Plaintiff's grievance regarding the May 9 hearing;**
>
>  **Count 4:** **Fourteenth Amendment claim against Holte, Salinas, and Pfister for deprivation of a liberty interest without due process, for failing to hold an impartial disciplinary hearing and**

4

>reimposing the 1-year segregation term after the rehearing on Plaintiff's STG charges;

**Count 5:** Fourteenth Amendment due process claim against Anderson and Stolworthy, for failing to adequately intervene after Plaintiff filed a grievance regarding the November 20 hearing; and

**Count 6:** Conspiracy claim against Defendants.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Counts 1 and 4

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citations omitted). That being said, "even if the procedures are legitimate, it is impermissible to employ those procedures vindictively or maliciously so as to deny a particular individual due process." *Ciechon v. City of Chicago*, 686 F.2d 511, 517 (7th Cir. 1982). To satisfy due process, a hearing "must be a real one, not a sham or a pretense." *Ryan v. Illinois Dep't of Children & Family Servs.*, 185 F.3d 751, 762 (7th Cir. 1999).

Plaintiff has adequately alleged a claim against Hart and Scott relating to the April 24, 2014 Adjustment Board hearing. The allegation that Plaintiff participated in STG activities was based

---

[1] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

5

on his identification by confidential sources. (Doc. 10, p. 41). "In order to guarantee the inmate's right to a fair hearing, ... a prison disciplinary board must accompany the use of a confidential informant's testimony with an indication that the informant is reliable." *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). "Reliability can be established based on (1) the oath of the investigating officer as to the truth of his report, (2) corroborating testimony, (3) a statement on the record that the chairman of the [Adjustment Committee] had firsthand knowledge of the sources and considered them reliable based on a past record of reliability, or (4) an *in camera* review of material documenting the investigator's assessment of the credibility." *Ashby v. Davis*, 82 Fed. Appx. 467, 471 (7th Cir. 2003) (*citing Whitford*, 63 F.3d at 535-36). Here, Plaintiff has alleged that there was no such indicia of reliability presented at the April 24 hearing. As such, Plaintiff has stated a claim that his due process rights were violated.

As to Butler, Carter, Scott, and Cowan, Plaintiff has adequately stated a claim for relief related to the May 9 hearing. Crediting Plaintiff's assertions that Butler orchestrated a predetermined result at Plaintiff's May 9 hearing by having Carter rewrite the disciplinary report and ordering Scott and Cowan to impose a harsher sanction the second time suggests that due process rights may have been violated. As such, Count 1 survives as to Butler, Carter, Scott, and Cowan in connection with the May 9, 2014 hearing.

Finally, Plaintiff has adequately stated a claim that he was denied due process by Holte, Salinas, and Pfister in connection with his November 20 hearing. In addition to re-imposing the heightened sanctions which were allegedly the improper result of Butler's prior intervention, the Adjustment Committee at Pontiac failed to call Plaintiff's designated witness and incorrectly stated that he had not requested any witnesses. While the right to call a witness in a disciplinary hearing

is by no means absolute, the facts as pled raise the possibility that Plaintiff was wrongfully denied the opportunity. As such, Count 4 also survives screening.

**Count 2**

To state a First Amendment retaliation claim, a plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

Here, Plaintiff has narrowly managed to state a colorable claim against John Does #1 and 2. The Seventh Circuit has at least suggested that a refusal to become a prison informant may be considered protected speech, in that a prisoner has the right to tell the truth even if it is not what officials want to hear. *McKinley v. Schoenbeck*, 731 F. App'x 511, 514 (7th Cir. 2018). At this initial screening stage, the Court is unable to state that Plaintiff's refusal to become an informant is not protected speech as a matter of law. Destruction of a prisoner's excess legal property, especially if it pertains to his criminal case, would likely have a chilling effect on such speech and Plaintiff has alleged that it was the motivating factor in the decision(s) to destroy his excess legal property. Count 2 therefore survives screening.

**Counts 3 and 5**

Plaintiff fails to state any claims against Godinez, McCarty, Anderson, and Stolworthy. Essentially, Plaintiff argues that in reviewing his grievances about the May 9 and November 20 disciplinary hearings, they "turned a blind eye" to the denials of due process in those grievances. The mishandling or even the denial of a grievance will not support a constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due

7

Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Godinez and McCarty responded to Plaintiff's grievance about the May 9 hearing, remanding the matter for additional information and a new hearing before a new Adjustment Committee. Similarly, Anderson and Stolworthy responded to Plaintiff's complaints about the November 20 hearing, reducing the penalty imposed. They clearly did not "turn a blind eye." The fact that these were not the responses Plaintiff desired does not make them a violation of his constitutional rights. As such, Counts 3 and 5 are dismissed without prejudice.

**Count 6**

Finally, Plaintiff makes a bare assertion that "[b]ased on information and belief, a combination of the above[-]listed Defendants have conspired to commit a lawful act by criminal or unlawful means, to accomplish an unlawful purpose." (Doc. 10, p. 5). A § 1983 conspiracy claim requires that "(1) the individuals reached an agreement to deprive [a plaintiff] of his constitutional rights, and (2) overt acts in furtherance that actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015); *see also Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002) ("it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with.").

Plaintiff merely recites the general elements of conspiracy, with no indication of what Plaintiff is actually alleging. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition to failing to specify what combination of the

8

Defendants he alleges participated, he also does not give any hint of what the purpose of the agreement was or the general date thereof. As such, Plaintiff's conspiracy claim is dismissed without prejudice.

### ADDITIONAL PARTIES

Frank Lawrence and Teri Kennedy, Wardens of Menard and Pontiac respectively, will be added as defendants, in their official capacities only, for purposes of responding to discovery aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); FED. R. CIV. P. 21. Guidelines for discovery will be set by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### DISPOSITION

**IT IS ORDERED** that Counts 1, 2, and 4 of the Complaint survive screening. Counts 3, 5, and 6 are **DISMISSED without prejudice.**

The Clerk of the Court is **DIRECTED** to **ADD** the Warden of Menard, Frank Lawrence, and the Warden of Pontiac, Teri Kennedy, in their official capacities only, for the purpose of responding to discovery aimed at identifying the unknown correctional officers. The Clerk is **FURTHER DIRECTED** to terminate Defendants Godinez, McCarty, Anderson, and Stolworthy from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

Plaintiff's Motion for Status (Doc. 33) is **DENIED as moot.**

**IT IS ORDERED** that the Clerk of Court shall prepare for **Butler, Carter, Hart, Scott, Cowan, Holte, Salinas, Pfister, Lawrence, and Kennedy**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The

Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 17, 2019**

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**