IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGELIO OROZCO, #R26820, <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY BUTLER, *et al.*, <br><br> Defendants. | Case No. 16-cv-01179-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter comes before the Court on the Motion for Reconsideration (Doc. 89), the Motion to Substitute (Doc. 92), and the Motion for Extension of Time for Discovery filed by Plaintiff Rogelio Orozco. Also, before the Court is a Motion for Leave to File Answer (Doc. 95) filed by Defendants.

## BACKGROUND

Plaintiff Orozco is an inmate of the Illinois Department of Corrections who is currently incarcerated at Western Illinois Correctional Center. He brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights while at Menard Correctional Center ("Menard") and Pontiac Correctional Center ("Pontiac"). In the Second Amended Complaint, Orozco alleges that he was found guilty of a falsified disciplinary report following unconstitutional disciplinary hearings held on April 24, 2014, and May 9, 2014, at Menard, and November 20, 2014, at Pontiac. He was punished with a disciplinary transfer to Pontiac and one year in segregation, where he endured harsh conditions. After completing his punishment, the Administrative Review Board in April 2015 retroactively reduced Orozco's punishment to three months segregation and ordered that the disciplinary record reflect the result.

On August 14, 2020, Chief Judge Rosenstengel conducted a merit review of the Second Amended Complaint pursuant to 28 U.S.C. 1915A. (Doc. 84). In the Order, the Chief Judge dismissed Count 3 against Godinez and McCarty for failing to adequately intervene in response to Orozco's grievance regarding the disciplinary hearing held on May 9, 2014. This case was transferred to the undersigned on October 5, 2020. (Doc. 93).

## MOTION FOR RECONSIDERATION

The district court has the ability to reconsider nonfinal orders, both as an exercise of its own discretion and pursuant to Federal Rule of Civil Procedure 54(b). *See Terry v. Spencer*, 888 F. 3d 890, 892-93 (7th Cir. 2018). The purpose of a motion to reconsider is to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus. Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Reconsideration is also appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted).

Orozco has filed a motion asking the Court to reconsider the dismissal of Count 3. (Doc. 89). He argues that Chief Judge Rosenstengel misinterpreted or misunderstood his claim. Orozco states his intentions are to bring a claim against McCarthy and Godinez, Administrative Review Board members, for a deprivation of a protected liberty interest without due process of law. He claims that during the October 20, 2014, administrative review of his grievance, both Defendants had evidence that officials at Menard had deprived him of his right to due process during the May 9 Adjustment Committee hearing. Despite this knowledge, Defendants failed to investigate and

address the violations by Menard officials, demonstrating that they were partial in their determinations and deprived him of a fair and impartial hearing. Because McCarty and Godinez failed to address the improper enhanced sanctions imposed, Orozco was held in segregation for a year in deplorable conditions.

Because Orozco has not demonstrated there has been an error of law or fact in the Court's previous ruling, the Motion is denied. According to the Second Amended Complaint, McCarty and Godinez had no involvement in the disciplinary proceedings that occurred at Menard. They simply reviewed the grievance that Orozco submitted regarding the alleged constitutional violations that had already happened. "Only persons who cause or participate in the violations are responsible…[and] [r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007). As Chief Judge Rosenstengel stated in the Merit Review Order, "prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." (Doc. 84, p. 6) (citing *Owens v. Evans,* 878 F. 3d 559, 563 (7th Cir. 2017)). As also stated in the Merit Review Order, the Constitution does not require a grievance procedure at all. (Doc. 84, p. 6). The allegations that McCarty and Godinez were impartial in reviewing the grievance and did not properly investigate or address the allegations contained in the grievance do not state a constitutional claim for denial of due process. *See Owens v. Hinsley,* 635 F. 3d 950, 953 (7th Cir. 2001).

Orozco's attempt to assert liability because McCarty and Godinez knew about the unconstitutional conduct at Menard but failed to conduct a "minimal investigation" and "address the clear violations," (Doc. 89, p. 4), also fails. While an official may be subject to liability if he or she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015), that is not what is alleged

in the Second Amended Complaint. On the contrary, Orozco claims that McCarty and Godinez reviewed the grievance and ordered that additional information to be provided and that a rehearing be conducted. (Doc. 85, p. 17). "They clearly did not 'turn a blind eye.' The fact that these were not the responses [Orozco] desired does not make them a violation of his constitutional rights." (Doc. 34, p. 8). Accordingly, the Motion to Reconsider is denied.

### MOTION TO SUBSTITUTE JANE DOE

The Motion to Substitute Jane Doe (Doc. 92) is granted. Jacqueline Lashbrook will be substituted for Jane Doe. Additionally, because the unknown defendant has now been identified, Anthony Wills, the warden of Menard, is no longer a necessary party and is dismissed without prejudice.

### MOTION FOR EXTENSION OF TIME FOR DISCOVERY

Orozco has also filed a Motion for Extension of Time for Discovery requesting an additional sixty days to complete discovery. (Doc. 94). He states that because of the medical quarantine imposed at Western Illinois Correctional Center his access to the law library and legal documents has been limited. In support of his Motion, he has included a letter from law library staff stating his name is on the list to visit the library but that all visits to the library are prohibited at this time due to the COVID Medical Quarantine. The letter also states that law library staff are visiting the cell houses, but they are unable to give a date certain for when someone would be able to visit Orozco. (*Id.* at p. 8). Defendants have not filed a response to the request for additional time. Accordingly, the Court finds good cause to amend the scheduling order. All discovery must conclude by **January 8, 2021,** and dispositive motions shall be filed by **February 8, 2021.**

### MOTION FOR LEAVE TO FILE ANSWER

Defendants request to file a responsive pleading to Orozco's Second Amended Complaint *instanter.* (Doc. 95). They recognize that the pleading is two months late but state that the deadline

was missed due to an administrative error in the midst of pandemic on the part of Defense counsel and not due to fault on the part of Defendants. The Motion is granted. Defendants are directed to file the Answer and Affirmative Defenses to the Second Amended Complaint *instanter.*

## DISPOSITION

For the reasons stated above, the Motion to Reconsider (Doc. 89) is **DENIED**. The Motion to Substitute Jane Doe (Doc. 92) is **GRANTED**. The Clerk of Court is directed to **SUBSTITUTE** Jacqueline Lashbrook for Jane Doe and to **TERMINATE** Anthony Wills as a party to this case. The Clerk is further **DIRECTED** to prepare for Lashbrook:   (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 85), the Merit Review Order (Doc. 84), and this Memorandum and Order to Lashbrook's place of employment as identified by Orozco.

The Motion for Extension of Time for Discovery (Doc. 94) is also **GRANTED**. All discovery must conclude by **January 8, 2021,** and dispositive motions shall be filed by **February 8, 2021.**

The Motion for Leave to File Defendants' Answer Instanter (Doc. 95) is **GRANTED.** Defendants are **DIRECTED** to file the Answer and Affirmative Defenses to the Second Amended Complaint *instanter.*

**IT IS SO ORDERED.**

**DATED:   November 16, 2020**

                                              *s/Stephen P. McGlynn*
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**